UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AMERIWOOD INDUSTRIES, INC.,        )
                                   )
                    Plaintiff,     )
                                   )
        vs.                        )      No. 4:06CV524-DJS
                                   )
PAUL LIBERMAN, TODD FRIDLEY,       )
TED KLEIST, PINNACLE DESIGN, LLC., )
and PINNACLE DESIGN CORP.,         )
                                   )
                    Defendants.    )

## ORDER

Plaintiff alleges in its first amended complaint that defendants--plaintiff's former employees and their recently formed company and corporation--improperly used confidential information regarding plaintiff's ready-to-assemble television stand business and defendant former employees' positions of trust and confidence while in plaintiff's employ to sabotage plaintiff's business relationships and divert plaintiff's business to themselves. Defendants' motion to compel seeks an order compelling plaintiff to produce the following documents: (1) its internal communications and documents regarding plaintiff's original equipment manufacturer ("OEM") television stand business, the business's customers, and its management for the period from October 2005 through March 2006; (2) plaintiff's employees' communications with customers regarding the OEM television stand business for the same period; and (3) documents relating to plaintiff's 2006 Consumer Electronics Show

("CES") presentations.[1]  Defendants also seek an order compelling plaintiff to remove Attorneys' Eyes Only ("AEO") designations from documents that were produced by third parties and from an email sent by one of plaintiff's employees to plaintiff's senior leadership regarding defendant Pinnacle Design's television stand and discussing one of plaintiff's customer's preferences. (Rolnick Aff. Ex. K [Doc. #50].)

In response to the motion, plaintiff states that, prior to the motion, it had already agreed to remove the AEO designations from the third-party documents and to produce its communications with various customers.  Furthermore, plaintiff asserts it had never refused to produce the CES documents, but had merely asked for more information concerning the nature of the documents sought.[2]  Defendants' reply concedes that the AEO designations have been removed, but requests the Court order plaintiff to refrain from such uses of the AEO designation in the future--relief that the Court will not grant prospectively.  As plaintiff has agreed to defendants' requests and defendants assert that plaintiff has yet to produce the customer communications and the CES documents, the Court will compel plaintiff to comply.

---

[1] Defendants' document requests, while specifically listed in the motion, are only discussed in broad categories by the parties. The Court analyzes the requests using the same categorizations adopted by the parties.

[2]  The parties dispute whether the documents were ever requested by defendants, as they may or may not have fallen under one of defendants' more general document requests.

Two issues remain before the Court, namely: (1) whether plaintiff should be compelled to produce all communications and documents relating to the OEM television stand business and its management from October 2005 through March 2006; and (2) whether plaintiff's employee's email contains proprietary information worthy of the AEO level of protection. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Armstrong v. Hussmann Corp., 163 F.R.D. 299, 302 (E.D. Mo. 1995) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "A district court is afforded wide discretion in its handling of discovery matters." Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988) (citation omitted).

Defendants assert that plaintiff's lost sales in the television stand business between October 2005 and March 2006 are due to plaintiff's own mismanagement and not defendants' alleged misconduct. Consequently, defendants have requested all plaintiff's documents and communications concerning the television stand business made during that period. Plaintiff responds that the request is unduly broad and overly burdensome.

Plaintiff explains that its documents, the majority of which are electronically stored, number in the hundreds of thousands. The recently amended Federal Rules of Civil Procedure set forth the following burden-shifting analysis a court should implement in deciding whether to compel production of electronically stored information:

> On motion to compel discovery . . . , the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed. R. Civ. P. 26(b)(2). Defendants' request identifies six individuals in particular that may have responsive communications and documents.[3] Among those six individuals, plaintiff has identified 52,124 potentially responsive emails and 4,413 additional computer files, such as Microsoft Office files. The Court finds that the information is not reasonably accessible because the request is unduly burdensome, and turns to defendants for a showing of good cause.

In determining whether good cause exists, the Court considers the factors laid out in the advisory committee's note to Fed. R. Civ. P. 26(b)(2), namely:

---

[3] While all the individuals were employed by plaintiff during the period in question, defendants allege that some of the individuals were subsequently fired.

> (1) the specificity of the discovery request; (2) the
> quantity of information available from other and more
> easily accessed sources; (3) the failure to produce
> relevant information that seems likely to have existed
> but is no longer available on more easily accessed
> sources; (4) the likelihood of finding relevant,
> responsive information that cannot be obtained from
> other, more easily accessed sources; (5) predictions as
> to the importance and usefulness of the further
> information; (6) the importance of the issues at stake in
> the litigation; and (7) the parties' resources.

Defendants' requests are not narrowly tailored to seek only information relevant to the affirmative defense that plaintiff's lost sales were due to its mismanagement of the television stand business. Upon consideration of the parties' arguments and the above factors, the Court finds that defendants have failed to show good cause to order disclosure of the communications and documents, even if the Court were to limit the request to the documents involving the six aforementioned employees.

With respect to plaintiff's employee's AEO-designated email, the Court's Protective Order [Doc. #22] allows a party to use the AEO designation on documents it treats and maintains as containing confidential or proprietary information. Having reviewed the document in camera, the Court finds that plaintiff's designation is appropriate as the document contains proprietary information, namely the product interests of a customer whose business both parties seek.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel [Doc. #46] is granted in part and otherwise denied as follows.

**IT IS FURTHER ORDERED** that, no later than **March 2, 2007**, plaintiff shall produce all communications from October 2005 through March 2006 between plaintiff and its OEM television stand customers relating to plaintiff's OEM television stand business, and all documents relating to plaintiff's 2006 Consumer Electronics Show presentations.

Dated this ____12th____ day of February, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE